# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
### at CHATTANOOGA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | ) | |
| | ) | **1:09-cr-98** |
| **v.** | ) | |
| | ) | **Judge Mattice/Carter** |
| **DARIUS JOHNSON,** | ) | |
| also known as "Big Cuz"; | ) | |
| **KEVIN LEE JACKSON,** | ) | |
| also known as "Lil Cuz", | ) | |
| also known as "Lil Bro"; | ) | |
| **CEDRIC ELLISON,** | ) | |
| also known as "Ced"; | ) | |
| **JOHN LINDER, II,** | ) | |
| also known as "Lil John"; | ) | |
| **JAMES M. STEPHENS,** | ) | |
| also known as "White Mike"; | ) | |
| **ANGELA HUDDLESTON,** | ) | |
| also known as "Big Angie"; | ) | |
| **MARISHA PETERS,** | ) | |
| also known as "Pebbles"; | ) | |
| **RONALD BATTS,** | ) | |
| also known as "Ron", | ) | |
| also known as "J"; | ) | |
| **PAMELA ROBINSON;** | ) | |
| **ROBERT STEVENS,** | ) | |
| also known as "Speedy"; | ) | |
| **FALON EVANS;** | ) | |
| **RYAN SHARP,** | ) | |
| also known as "Big Country"; | ) | |
| **BRIAN SANDERS,** | ) | |
| also known as "Butch"; | ) | |
| **CARAN PORTER,** | ) | |
| also known as "Shari"; | ) | |
| **DIAZ BENTON;** | ) | |
| **NICHOLAS EVANS,** | ) | |
| also known as "Big Purdy"; | ) | |
| **PATRICK MILLER,** | ) | |
| also known as "Fat Pat"; | ) | |
| **ANTHONY HARPER,** | ) | |
| also known as "Bubba"; | ) | |
| and | ) | |
| **JAMES LAVELLE WILLIAMS** | ) | |

## INDICTMENT

## COUNT ONE

The Grand Jury charges that from in or about January 2005 until in or about May 2009, in the Eastern District of Tennessee and elsewhere, the defendants, DARIUS JOHNSON; KEVIN LEE JACKSON; CEDRIC ELLISON; JOHN LINDER, II; JAMES STEPHENS; ANGELA HUDDLESTON; MARISHA PETERS; RONALD BATTS; PAMELA ROBINSON; ROBERT STEVENS; FALON EVANS; RYAN SHARP; BRIAN SANDERS; CARAN PORTER; DIAZ BENTON; NICHOLAS EVANS; PATRICK MILLER; ANTHONY HARPER; JAMES LAVELLE WILLIAMS; and others, did combine, conspire, confederate and agree to knowingly, intentionally and without authority violate Title 21, United States Code, Section 841(a)(1), that is, distribute and possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substances, in violation of Title 21, United States Code, Sections 846 and 841(b)(1)(A).

## COUNT TWO

The Grand Jury further charges that on or about March 3, 2005, in the Eastern District of Tennessee, the defendant, KEVIN LEE JACKSON, did knowingly, intentionally, and without authority possess with the intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT THREE

The Grand Jury further charges that on or about March 29, 2006, in the Eastern District of Tennessee, the defendant, JAMES M. STEPHENS, did knowingly, intentionally, and without authority possess with the intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT FOUR

The Grand Jury further charges that on or about April 17, 2006, in the Eastern District of Tennessee, the defendant, JOHN LINDER, II, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIVE

The Grand Jury further charges that on or about April 19, 2006, in the Eastern District of Tennessee, the defendant, JOHN LINDER, II, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIX

The Grand Jury further charges that on or about April 22, 2006, in the Eastern District of Tennessee, the defendant, JOHN LINDER, II, did knowingly, intentionally, and without authority possess with the intent to distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SEVEN

The Grand Jury further charges that on or about June 28, 2006, in the Eastern District of Tennessee, the defendant, JAMES M. STEPHENS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT EIGHT

The Grand Jury further charges that on or about August 11, 2006, in the Eastern District of Tennessee, the defendant, JOHN LINDER, II, did knowingly, intentionally, and without authority possess with the intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT NINE

The Grand Jury further charges that on or about February 12, 2007, in the Eastern District of Tennessee, the defendant, JOHN LINDER, II, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TEN

The Grand Jury further charges that on or about February 20, 2007, in the Eastern District of Tennessee, the defendant, FALON EVANS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT ELEVEN

The Grand Jury further charges that on or about February 23, 2007, in the Eastern District of Tennessee, the defendants, JOHN LINDER, II, PAMELA ROBINSON, and DARIUS JOHNSON, aided and abetted by one another, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWELVE

The Grand Jury further charges that on or about February 23, 2007, in the Eastern District of Tennessee, the defendant, FALON EVANS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTEEN

The Grand Jury further charges that on or about March 15, 2007, in the Eastern District of Tennessee, the defendants, JOHN LINDER, II, and DARIUS JOHNSON, aided and abetted by one another, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B) and Title 18, United States Code, Section 2.

## COUNT FOURTEEN

The Grand Jury further charges that on or about April 23, 2007, in the Eastern District of Tennessee, the defendants, RONALD BATTS and DARIUS JOHNSON, aided and abetted by one another, did knowingly, intentionally, and without authority distribute fifty (50) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

6

## COUNT FIFTEEN

The Grand Jury further charges that on or about May 2, 2007, in the Eastern District of Tennessee, the defendants, JOHN LINDER, II, and PAMELA ROBINSON, aided and abetted by one another, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT SIXTEEN

The Grand Jury further charges that on or about June 15, 2007, in the Eastern District of Tennessee, the defendant, DARIUS JOHNSON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SEVENTEEN

The Grand Jury further charges that on or about June 19, 2007, in the Eastern District of Tennessee, the defendants, RONALD BATTS and DARIUS JOHNSON, aided and abetted by one another, did knowingly, intentionally, and without authority distribute fifty (50) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance , in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT EIGHTEEN

The Grand Jury further charges that on or about June 26, 2007, in the Eastern District of Tennessee, the defendant, JAMES M. STEPHENS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT NINETEEN

The Grand Jury further charges that on or about July 26, 2007, in the Eastern District of Tennessee, the defendants, DARIUS JOHNSON, JOHN LINDER, II, and RONALD BATTS, aided and abetted by one another, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY

The Grand Jury further charges that on or about August 7, 2007, in the Eastern District of Tennessee, the defendants, DARIUS JOHNSON and JOHN LINDER, II, aided and abetted by one another, did knowingly, intentionally, and without authority possess with the intent to distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C) and Title 18, United States Code, Section 2.

## COUNT TWENTY-ONE

The Grand Jury further charges that on or about October 19, 2007, in the Eastern District of Tennessee, the defendant, JAMES M. STEPHENS, did knowingly, intentionally, and without authority possess with the intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT TWENTY-TWO

The Grand Jury further charges that on or about October 22, 2007, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, A Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-THREE

The Grand Jury further charges that on or about November 28, 2007, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

9

## COUNT TWENTY-FOUR

The Grand Jury further charges that on or about January 21, 2008, in the Eastern District of Tennessee, the defendant, PAMELA ROBINSON, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-FIVE

The Grand Jury further charges that on or about January 22, 2008, in the Eastern District of Tennessee, the defendant, CARAN PORTER, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-SIX

The Grand Jury further charges that on or about January 29, 2008, in the Eastern District of Tennessee, the defendant, CARAN PORTER, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-SEVEN

The Grand Jury further charges that on or about January 29, 2008, in the Eastern District of Tennessee, the defendant, PAMELA ROBINSON, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

10

## COUNT TWENTY-EIGHT

The Grand Jury  further charges that on or about January 31, 2008, in the Eastern District of Tennessee, the defendant, CARAN PORTER, did knowingly, intentionally, and without authority possess with intent to distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT TWENTY-NINE

The Grand Jury  further charges that on or about February 5, 2008, in the Eastern District of Tennessee, the defendant, PAMELA ROBINSON, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTY

The Grand Jury  further charges that on or about February 6, 2008, in the Eastern District of Tennessee, the defendant, RONALD BATTS, having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT THIRTY-ONE

The Grand Jury  further charges that on or about February 6, 2008, in the Eastern District of Tennessee, the defendants, RONALD BATTS and PAMELA ROBINSON, aided and abetted by one another, did knowingly possess firearms in furtherance of a drug trafficking offense which may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, a Schedule II controlled substances, as charged in Count One of this Indictment and incorporated fully herein; in violation of Title 18, United States Code, Sections 924(c) and 2.

## COUNT THIRTY-TWO

The Grand Jury  further charges that on or about February 27, 2008, in the Eastern District of Tennessee, the defendant, DIAZ BENTON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

12

## COUNT THIRTY-THREE

The Grand Jury further charges that on or about March 24, 2008, in the Eastern District of Tennessee, the defendant, DIAZ BENTON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT THIRTY-FOUR

The Grand Jury further charges that on or about March 26, 2008, in the Eastern District of Tennessee, the defendant, MARISHA PETERS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTY-FIVE

The Grand Jury further charges that on or about March 27, 2008, in the Eastern District of Tennessee, the defendant, NICHOLAS EVANS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTY-SIX

The Grand Jury further charges that on or about April 2, 2008, in the Eastern District of Tennessee, the defendant, MARISHA PETERS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTY-SEVEN

The Grand Jury further charges that on or about April 2, 2008, in the Eastern District of Tennessee, the defendant, MARISHA PETERS, did knowingly, intentionally, and without authority possess with intent to distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT THIRTY-EIGHT

The Grand Jury further charges that on or about April 17, 2008, in the Eastern District of Tennessee, the defendant, DARIUS JOHNSON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

14

**COUNT THIRTY-NINE**

The Grand Jury further charges that on or about April 23, 2008, in the Eastern District of Tennessee, the defendant, DIAZ BENTON, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT FORTY**

The Grand Jury further charges that on or about May 5, 2008, in the Eastern District of Tennessee, the defendant, ROBERT STEVENS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT FORTY-ONE**

The Grand Jury further charges that on or about May 6, 2008, in the Eastern District of Tennessee, the defendant, ROBERT STEVENS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

**COUNT FORTY-TWO**

The Grand Jury further charges that on or about May 6, 2008, in the Eastern District of Tennessee, the defendant, ROBERT STEVENS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FORTY-THREE

The Grand Jury further charges that on or about May 6, 2008, in the Eastern District of Tennessee, the defendant, CEDRIC ELLISON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT FORTY-FOUR

The Grand Jury further charges that on or about May 7, 2008, in the Eastern District of Tennessee, the defendant, CEDRIC ELLISON, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FORTY-FIVE

The Grand Jury further charges that on or about May 8, 2008, in the Eastern District of Tennessee, the defendant, ROBERT STEVENS, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

16

## COUNT FORTY-SIX

The Grand Jury further charges that on or about May 15, 2008, in the Eastern District of Tennessee, the defendant, RYAN SHARP, did knowingly, intentionally, and without authority possess with intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FORTY-SEVEN

The Grand Jury further charges that on or about May 15, 2008, in the Eastern District of Tennessee, the defendant, RYAN SHARP, did knowingly, intentionally, and without authority possess with intent to distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FORTY-EIGHT

The Grand Jury further charges that on or about May 15, 2008, in the Eastern District of Tennessee, the defendant, RYAN SHARP, did knowingly possess firearms in furtherance of a drug trafficking offense which may be prosecuted in a court of the United States, that is, conspiracy to distribute and possess with intent to distribute fifty (50) grams or more of a mixture or substance containing a detectable amount of cocaine base ("crack") and five (5) kilograms or more of a mixture or substance containing a detectable amount of cocaine hydrochloride, possession with intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), and possession with intent to distribute cocaine hydrochloride, as charged in Counts One, Forty-Six, and Forty-Seven of this Indictment and incorporated fully herein; Schedule II controlled substances, in violation of Title 18, United States Code, Section 924(c).

## COUNT FORTY-NINE

The Grand Jury further charges that on or about May 15, 2008, in the Eastern District of Tennessee, the defendant, RYAN SHARP, having previously been convicted in court of a crime punishable by imprisonment for a term exceeding one year, did knowingly possess in and affecting commerce, firearms, in violation of Title 18, United States Code, Section 922(g)(1).

## COUNT FIFTY

The Grand Jury further charges that on or about May 15, 2008, in the Eastern District of Tennessee, the defendants, KEVIN LEE JACKSON and ANGELA HUDDLESTON, aided and abetted by one another, did knowingly, intentionally, and without authority distribute fifty (50) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(A) and Title 18, United States Code, Section 2.

## COUNT FIFTY-ONE

The Grand Jury further charges that on or about May 15, 2008, in the Eastern District of Tennessee, the defendant, PATRICK MILLER, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT FIFTY-TWO

The Grand Jury further charges that on or about June 9, 2008, in the Eastern District of Tennessee, the defendant, CEDRIC ELLISON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT FIFTY-THREE

The Grand Jury further charges that on or about June 18, 2008, in the Eastern District of Tennessee, the defendant, NICHOLAS EVANS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIFTY-FOUR

The Grand Jury further charges that on or about July 2, 2008, in the Eastern District of Tennessee, the defendant, ANTHONY HARPER, did knowingly, intentionally, and without authority possess with intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT FIFTY-FIVE

The Grand Jury further charges that on or about July 10, 2008, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIFTY-SIX

The Grand Jury further charges that on or about July 14, 2008, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIFTY-SEVEN

The Grand Jury further charges that on or about July 22, 2008, in the Eastern District of Tennessee, the defendant, NICHOLAS EVANS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIFTY-EIGHT

The Grand Jury further charges that on or about July 24, 2008, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT FIFTY-NINE

The Grand Jury further charges that on or about August 6, 2008, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIXTY

The Grand Jury further charges that on or about August 18, 2008, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substances, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIXTY-ONE

The Grand Jury further charges that on or about August 21, 2008, in the Eastern District of Tennessee, the defendant, BRIAN SANDERS, did knowingly, intentionally, and without authority distribute cocaine base ("crack"), a Schedule II controlled substance , in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

## COUNT SIXTY-TWO

The Grand Jury further charges that on or about November 13, 2008, in the Eastern District of Tennessee, the defendant, DIAZ BENTON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SIXTY-THREE

The Grand Jury further charges that on or about December 10, 2008, in the Eastern District of Tennessee, the defendant, KEVIN LEE JACKSON, did knowingly, intentionally, and without authority distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SIXTY-FOUR

The Grand Jury further charges that on or about January 21, 2009, in the Eastern District of Tennessee, the defendant, JAMES LAVELLE WILLIAMS, did knowingly, intentionally, and without authority possess with the intent to distribute five (5) grams or more of a mixture and substance containing cocaine base ("crack"), a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(B).

## COUNT SIXTY-FIVE

The Grand Jury further charges that on or about April 1, 2009, in the Eastern District of Tennessee, the defendant, KEVIN LEE JACKSON, did knowingly, intentionally, and without authority distribute cocaine hydrochloride, a Schedule II controlled substance, in violation of Title 21, United States Code, Section 841(a)(1) and (b)(1)(C).

A TRUE BILL

**/s/ Grand Jury Foreperson**
GRAND JURY FOREPERSON

JAMES R. DEDRICK
United States Attorney

By: **/s/ Steven S. Neff**
Steven S. Neff
Assistant U. S. Attorney

23